# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARIA NATERA,**

                **Plaintiff,**

**-vs-**                                                  **Case No. 6:08-cv-2088-Orl-22DAB**

**MASTERCORP OF TENNESSEE, INC.,**

                **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 27)**
>
> **FILED:**       **May 27, 2009**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

    Following settlement of the underlying Fair Labor Standards Act claim by payment in full of the claim, including liquidated damages, the Court directed that the parties confer regarding the remaining issue of attorney's fees (Doc. No. 26, 28). According to Defendant, that conference did not occur (Doc. No. 29). Instead, Plaintiff's counsel merely filed the instant motion, asserting that counsel is entitled to an award of $11,730.00, based on 39.1 hours of claimed services, at the claimed rate of $300.00 per hour. Defendant asserts that this amount is unsupported and excessive. For the following reasons, the Court recommends that an award in the total amount of $3,000 be granted.

There is no dispute that Plaintiff is entitled to recover a reasonable attorney's fee in this matter. *See* 29 U.S.C. § 216(b) ("the court in [an action to recover under FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Here, however, the Court finds no evidence to support the reasonableness of either the hourly rate or the number of hours claimed.

In determining the reasonableness of a claimed fee, Courts in this circuit utilize the lodestar approach. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim,* 10 F.3d. 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education,* 775 F.2d 1565, 1571 (11th Cir. 1985)

It is presumed that most or all of the following factors are subsumed in the calculation of the lodestar:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman*, 836 F.2d 1292 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama,* 911 F.2d 604, 610 (11th Cir. 1990).

With respect to rates, an applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman,* 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id*. at 434.

Applied here, the only support for the fee claimed is counsel's own verified motion and time sheets. The Court finds the evidence inadequate to support the claim.

The Court first observes that the total amount claimed is at odds with the amount of services revealed by the docket. Indeed, it appears that the case was filed, removed to federal court, Plaintiff's counsel filed *three* motions for extension of time (based on his inability to contact his client, his computer problems, claimed defense counsel delays and other non-substantive issues) and the matter was settled within three months of removal, with no other motion or discovery practice. Counsel fails to cite a single case where a fee in excess of $10,000 was awarded in such a case.

Further, a review of the time sheets reveals that counsel has failed to exercise billing judgment. Counsel claims substantial amounts of time spent trying (unsuccessfully) to contact his own client, dealing with his computer issues, and completing what can only be described as ministerial tasks

(leaving messages for his client to call back, "calendar follow up"). While a certain amount of communication with the client is necessary and compensable, expenses resulting from the fact that counsel had difficulties communicating with his client (numerous calls to wrong numbers, messages left, drafting motions for extension of time, plaintiff's response to order to show cause detailing Plaintiff's transportation problems and address changes) should not be visited on one's adversary. For that matter, the vast majority of these tasks are tasks which are clerical in nature, and are not compensable at attorney rates.

Moreover, the time sheets are often too vague to properly evaluate. For example, many entries contain the phrase "via NG." This entry is not explained, but appears to indicate the possibility that NG is a person who performed the claimed tasks. If that is the case, these entries are not properly supported. The Court finds at least half of the entries contain either clerical or otherwise non-compensable time. The practice of "block billing" makes it impossible for the Court to parse through exactly how much time was improperly claimed.

Upon review of all of the above, the Court finds the claimed amount of time to be excessive for what appears to be a routine FLSA case, with no motion or discovery practice, that settled promptly after filing. The Court has addressed dozens, if not hundreds, of similar FLSA cases filed in this district within the last several years. Based on its experience, and absent any sufficient evidence to the contrary, a reasonable amount of time for handling such a matter is no more than 15 hours.

As for the claimed rate of $300 an hour, the Court finds no evidence at all to support this rate. As noted by Defendant, the going rate for FLSA work in this district is between $150 and $250 an hour. Here, there is nothing in the docket to indicate that this case was particularly complex or

exceptional in any way, and nothing to support a fee at the higher range of the spectrum. No complex legal research or writing was involved (indeed, counsel filed no papers of any substance, only numerous motions to extend time and a response to the Court's order to show cause), and no hearings were had. While counsel appears competent enough, there is insufficient proof that his experience or talents warrant a fee of $300 per hour, when more experienced counsel receive considerably less for the same work. It is the opinion of this Court that a fee of $200 per hour be awarded.

Calculation of the lodestar reveals a reasonable fee of $3,000. Costs are to be taxed by the Clerk, in the normal course, upon the filing of a Bill of Costs.

It is **respectfully recommended** that the motion be **granted, in part, and denied, in part** and that the Court award a reasonable attorney's fee of $3,000.00.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 23, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy