**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARIA NATERA,**

                  **Plaintiff,**

**-vs-**                                                                          **Case No. 6:08-cv-2088-Orl-22DAB**

**MASTERCORP OF TENNESSEE, INC.,**

                  **Defendant.**
_____/

**ORDER**

This cause comes before the Court for consideration of Magistrate Judge David A. Baker's Report and Recommendation ("R&R") on Plaintiff Maria Natera's ("Natera") Motion for Attorney's Fees and Costs (Doc. No. 30), entered on June 23, 2009, and the objection thereto (Doc. No. 31) filed by Natera on July 3, 2009. Defendant Mastercorp of Tennessee, Inc. ("Defendant") filed a response to Natera's Objection on July 16, 2009 (Doc. No. 32).

Under 29 U.S.C. § 216(b), "[t]he court in [an action to recover for a violation of FLSA] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)

(citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). Additional factors to be considered in determining a reasonable fee include:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Norman*, 836 F.2d at 1292 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rate." *Id.* at 1303.

In her Motion for Attorney's Fees and Costs, Natera seeks $11,730.00 in fees, and $402.25 in costs. Specifically, Natera requests an hourly rate of $300.00 for Attorney Michael Udowychenko ("Udowychenko"), who averred that he worked 39.1 hours on this case. (*See* Doc. No. 27 p. 3.)

In the R&R, Judge Baker recommended that the Court award a reasonable hourly rate of $200.00 and find that 15 hours is a reasonable number of hours for this case. (Doc. No. 30 pp. 4-5.) Thus, Judge Baker recommended an award of $3,000.00 for Udowychenko's fees. Specifically, Judge Baker found that Natera had failed to present any evidence to support a rate of $300 per hour. Further, Judge Baker recommended that this Court reduce Udowychenko's claimed hours by 24.1 after finding that counsel failed to exercise billing judgment and that the vast majority of tasks billed are clerical in nature. (*Id.*)

Natera objects to the R&R, arguing that, based on Udowychenko's experience and qualifications, the Court should award a reasonable hourly rate of $300.00. (Doc. No. 35 p. 11.) Udowychenko asserts that other courts have awarded his partner a reasonable hourly rate of $250.00. (Doc. No. 31 p. 7.) In addition, Natera objects to Judge Baker's recommendation to reduce Udowychenko's claimed hours. Specifically, Natera objects to the R&R's failure to recognize the parties' "informal discovery practice." (*Id.* at 2.) Further, Natera criticizes Judge Baker's failure to compel Defendant's counsel to produce records detailing the time expended by Defendant's counsel for comparison. (*Id.*)

The Court agrees with Judge Baker that a reasonable hourly rate is $200.00. Udowychenko has not established that he is entitled to an hourly rate of $300.00 in this case. Natera's reliance on cases in which the attorneys' fees were not contested, is unavailing in this case, where Defendant contests Udowychenko's fees. Further, this case presented straightforward FLSA claims for unpaid wages and overtime that were resolved at an early stage of the litigation. Accordingly, based on Natera's inadequate documentation of Udowychenko's skill and experience in FLSA matters, the Court awards Udowychenko a rate of $200.00 per hour.

The Court also agrees with Judge Baker that the total number of hours sought by Natera is unreasonable and excessive as a majority of the tasks performed involve noncompensable clerical work. For instance, Udowychenko repeatedly bills for "calendar follow up," dealing with computer issues, and leaving messages for his client to call back. (*See* Doc. No. 27 Ex. A.) As Judge Baker correctly noted, time spent calling phone numbers that were not in service or not the correct phone number should not be visited on one's adversary. Further, there is a considerable amount of block billing, which makes it difficult to determine if the time spent on given tasks is

reasonable. Natera claims that defendants are required to produce time sheets in "many other cases" yet fails to include one citation to support her position. After careful review of the billing records, the Court agrees with Judge Baker's recommendation that Udowychenko's hours should be reduced by a total of 24.1 hours. Accordingly, the Court will approve and adopt Judge Baker's R&R.

Based on the foregoing, it is ORDERED as follows:

1. Magistrate Judge David A. Baker's June 23, 2009 Report and Recommendation on the Plaintiff's Verified Motion for Attorney's Fees and Costs (Doc. No. 30) is APPROVED and ADOPTED.

2. Plaintiff Maria Natera's objection to the June 23, 2009 Report and Recommendation on the parties' Joint Motion to Approve Settlement (Doc. No. 31), filed on July 3, 2009, is OVERRULED.

3. The Plaintiff's Verified Motion for Attorney's Fees and Costs (Doc. No. 27), filed on May 27, 2009, is DENIED. Plaintiff is awarded **$3,000.00** for attorney's fees and **$402.25** in costs.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on August 26, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party
Magistrate Judge David A. Baker

ANNE C. CONWAY
United States District Judge